UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PRINCE ADESEGUN FADAYIRO, | |
| Plaintiff-Appellant, | |
| v. | No. 02 CV 2483<br>Judge James B. Zagel |
| AMERIQUEST MORTGAGE, CO. f/k/a<br>LONG BEACH MORTGAGE CO., | |
| Defendant-Appellee. | |

## MEMORANDUM OPINION AND ORDER

This matter is before me on Plaintiff-appellant Fadayiro's appeal of the Bankruptcy Court's December 4, 2001 Order dismissing his adversary proceeding.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 20, 1998—during the course of Mr. Fadayiro's Chapter 7 Bankruptcy case—Ameriquest filed a motion to modify the automatic stay with respect to a piece of property owned by Plaintiff and located at 5400 S. Hyde Park Blvd. in Chicago ("Property"). On March 25, 1998, the Bankruptcy Court granted what appears to be a routine modification to the Automatic Stay.[1]

Thereafter, the Property was foreclosed upon. This upset Mr. Fadayiro, who responded by filing an adversary proceeding against Ameriquest and a variety of other defendants. His

---

[1] The record indicates that Mr. Fadayiro had no equity in the property, that he was not making payments on the property, and that Ameriquest had no adequate protection. *See* 11 U.S.C. § 362(d)(2) (2004). Since Mr. Fadayiro filed his case under Chapter 7, Ameriquest only had to prove that the debtor did not have equity in the property in order to have the stay modified. 2 Norton Bankr. L. & Prac. 2d § 36:47 (2006).

complaint alleged that Ameriquest and the other defendants acted improperly in foreclosing on the Property.

When filing the adversary complaint, Plaintiff also filed a motion for appointment of counsel and a motion to direct the clerk to issue summons and serve process. Plaintiff—in what would become customary—took no action to prosecute either his adversary complaint or any of the motions that he had filed.

On December 4, 2001, the Bankruptcy Court dismissed Mr. Fadayiro's adversary complaint because he failed to serve the defendants with a copy of the summons and complaint within the time limits imposed by Federal Rule of Bankruptcy Procedure 7004.[2]

On December 18, 2001, Mr. Fadayiro filed a motion asking the Bankruptcy Court to reconsider its ruling. In the motion, he argued that if he would have had notice of the Court's intent to dismiss his complaint, he would have been able to establish that he was entitled to more time to serve the complaint because of his "poverty" and the fact that he was in "Federal custody."

Though he filed the motion to reconsider, Plaintiff again took no further action to advance that motion. On February 4, 2002, the Bankruptcy Court struck Plaintiff's motion to reconsider "for failure to provide notice and present in the time prescribed by Local Bankruptcy Rule 402(b) and 402(E)(1)."

Plaintiff then appealed the dismissal of his action to this Court. His appeal to this Court has endured myriad procedural twists and turns, including my decision to dismiss his

---

[2] Federal Rule of Bankruptcy Procedure 7004 incorporates by reference Federal Rule of Civil Procedure 4.

appeal—again, for failure to prosecute—and the Seventh Circuit Court of Appeals' decision to reinstate it.

It is noteworthy that we are still nowhere near a consideration of the substantive merits of Mr. Fadayiro's underlying complaint. The Bankruptcy Judge dismissed his original complaint for, in effect, failure to prosecute. The Bankruptcy Judge struck his motion for reconsideration for, in effect, failure to prosecute. And I dismissed his appeal for failure to prosecute. Mr. Fadayiro's ongoing recalcitrance has taken up years of the Bankruptcy Court's, this Court's, and the Seventh Circuit Court of Appeals' time. And now, though the Appeals Court has remanded the case here, the question before me still has nothing to do with the nature of Mr. Fadayiro's underlying complaint. The question, rather, is whether the Bankruptcy Court erred in dismissing his adversary complaint for, in effect, his failure to prosecute it.

## II. STANDARD OF REVIEW

A federal district court has jurisdiction, pursuant to 28 U.S.C. § 158 (2006), to hear appeals from the bankruptcy court. On the appeal, the district court reviews the bankruptcy court's factual findings under the clearly erroneous standard and reviews the bankruptcy court's legal findings under the *de novo* standard. *See In re A-1 Paving and Contracting, Inc.*, 116 F.3d 242, 243 (7th Cir. 1997).

## III. DISCUSSION

The crux of Plaintiff's appeal is that the Bankruptcy Court erred in dismissing his adversary proceeding without first giving him advance notice.

Rule 7004 of the Federal Rules of Bankruptcy Procedure states that Rule 4(m) of the Federal Rules of Civil Procedure applies in adversary proceedings. Fed.R.Bankr.P 7004(a). Rule 4(m) provides, in pertinent part:

> **Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m).

It is clear that Mr. Fadayiro failed to comply with requirements of Rule 4(m),[3] and he does not argue this point. Rather, he argues that the Bankruptcy Court erred by dismissing his adversary proceeding without first affording him notice. He focuses on the language of the Rule stating that the court "on its own initiative *after notice to the plaintiff*, shall dismiss the action . . ." *Id.* (emphasis added). Mr. Fadayiro contends that he did not receive notice from the Bankruptcy Court prior to the dismissal, and thus asks me to reinstate his case in the Bankruptcy Court.

Without question, the plain language of Rule 4(m) requires a court to notify a plaintiff before dismissing an action for improper service *sua sponte*. However, the Seventh Circuit holds that while "the better course is for the district court to give actual notice before entering an order dismissing the case . . . where the plaintiff was not prejudiced by the lack of notice, the error is harmless." *Blaney v. West*, 209 F.3d 1027, 1032 (7th Cir. 2000). In addition, the *Blaney* court

---

[3]Two hundred eight days elapsed between the filing of Plaintiff's complaint and the issuance of the Bankruptcy Court's dismissal Order.

4

specifically found that the plaintiff there was not prejudiced since he had an opportunity to file a motion for reconsideration. *Id.*

Like the plaintiff in *Blaney*, Mr. Fadayiro was not prejudiced. He had an opportunity to have the Bankruptcy Court consider his arguments. In fact, he filed a motion "to Amend or Alter Judgement" on December 18, 2001, two weeks after the Bankruptcy Court entered its Order dismissing his complaint. Once again, though, Mr. Fadayiro's inattentiveness to his own affairs hurt him. On February 4, 2002, the Bankruptcy Court struck that motion due to Plaintiff's failure to provide notice and present in the time prescribed by the Bankruptcy Rules.[4] The fact that the Bankruptcy Court did not ultimately consider the merits of his motion for reconsideration is immaterial, particularly here, since it was a direct result of Mr. Fadayiro's own failure to act. The fact is, Mr. Fadayiro had the *opportunity* to have his arguments heard, and that is sufficient to satisfy the Seventh Circuit's harmless error standard.

---

[4] Even if Mr. Fadayiro had been diligent regarding his motion to reconsider in the Bankruptcy Court, it is not clear he would have been able to prevail. Rule 4(m) does permit a court to extend the amount of time to effect service of process "if the plaintiff shows good cause for the failure . . ." Fed.R.Civ.P.4(m). The Seventh Circuit has defined "good cause," for purposes of the rule, to mean "a valid reason for delay, such as the defendant's evading service." *Coleman v. Milwaukee Bd. of Sch. Dirs.*, 290 F.3d 932, 934 (7th Cir. 2002). Moreover, the Seventh Circuit has held that substantial extenuating factors are needed to constitute good cause. *Floyd v. United States*, 900 F.2d 1045, 1047 (7th Cir. 1990) (citing "sudden illness or natural disaster" as examples). Without question, even if Mr. Fadayiro had failed to show "good cause," the Bankruptcy Court could have nonetheless exercised its discretion to grant him more time to perfect service. *See Henderson v. United States*, 517 U.S. 654, 662-63 (1996) (noting that the 1993 amendments to Rule 4(m) grant courts discretion to enlarge the 120-day period even when plaintiff fails to show good cause). I presume that Judge Squires was aware of this at the time he issued his Orders. Perhaps if Mr. Fadayiro had followed up on his motion to reconsider, the Bankruptcy Court would have exercised its discretion in this manner.

In fact, the motion to reconsider was not even Mr. Fadayiro's only option. The Bankruptcy Court—consistent with the dictate of Rule 4(m)—dismissed Mr. Fadayiro's adversary proceeding *without prejudice*. Accordingly, Plaintiff—subject, of course, to the applicable statute of limitations—could have simply re-filed it, effected the necessary service of process, and proceeded to have the Bankruptcy Judge consider the merits (or lack thereof) of his complaint.

At bottom, Mr. Fadayiro received notice from the judgment itself and had ample opportunity after the entry thereof to make his case to the Bankruptcy Court. Accordingly, he was not prejudiced by the Bankruptcy Court's failure to notify him before dismissing his complaint *sua sponte*.

The decision of the Bankruptcy Court is **AFFIRMED**.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: January 17, 2007